IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN HUGHES,** ) | |
| ) | **Case No. 1:18-cv-267-SPB** |
| **Plaintiff** ) | |
| ) | |
| vs. ) | |
| ) | |
| **MICHALE OVERMYER, in his** ) | |
| **individual and official capacity,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION

## I.   Background

Plaintiff Brian Hughes, a former inmate at SCI-Forest, commenced this *pro se* civil rights action on September 3, 2018, seeking redress for the alleged violation of his federal constitutional rights. The complaint is directed against Defendants Michael Overmyer (incorrectly identified in the complaint as "Michale Overmyer"), the former Superintendent of SCI-Forest; "L. Reeher," Superintendent Overmyer's assistant; "Lt. Bogardus," a corrections officer; "J. Beach," the prison mailroom supervisor; and four "John Doe" defendants. In his complaint, Plaintiff asserts that his Eighth Amendment rights were violated in connection with an incident in which he was allegedly pepper sprayed without any provocation and then denied necessary medical attention. Plaintiff also claims that his First Amendment, Eighth Amendment, and Fourteenth Amendment rights were violated in connection with his unsuccessful attempts to send outgoing mail and to utilize the administrative grievance process. The named Defendants answered the complaint on July 9, 2019. ECF No. 17.

1

During a telephonic status conference held on July 30, 2019, the Court established a case management scheduled that allowed discovery to continue until November 29, 2019. In the meantime, Plaintiff had been transferred to SCI-Chester but failed to notify the Court of his change of address. The Court attempted to mail the minutes from the July 30, 2019 conference to Plaintiff at SCI-Forest, but the mailing was sent back to the Court with the notation "return to sender." The Court then made efforts to re-mail the minutes to Plaintiff at SCI-Chester, with the reminder that it was Plaintiff's responsibility to keep the Court apprised of any change in his address of record.

On December 4, 2019, the Court held another telephonic status conference to discuss the posture of the case and to set a briefing schedule for summary judgment proceedings. Upon the request of Defendants' attorney, Yana Warshafsky, Esq., the Court extended discovery to January 17, 2020 so that Ms. Warshafsky could take Plaintiff's deposition.

On December 27, 2019, Plaintiff filed a motion to amend his pleading in order to substitute certain individuals for the "John Doe" Defendants. ECF No. 28. Defendants filed their opposition to this motion on January 28, 2020. ECF No. 36. That motion currently remains pending before this Court.

In the meantime, Ms. Warshafsky had scheduled Plaintiff's deposition for January 2, 2020, via video conferencing. ECF Nos. 27, 29, 33-1. During this time, defense counsel learned that Plaintiff had been discharged from the custody of the Department of Corrections but had (again) failed to inform the Court of his change of address. Ultimately, Plaintiff failed to show for his deposition. According to Ms. Warshafsky, Plaintiff never made any contact with her and did not request a postponement or other alternative arrangements for his deposition.

Based upon these events, Defendants filed a motion and supporting brief requesting that the complaint be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF Nos. 33 and 34. By text order entered on January 31, 2020, Plaintiff was directed to respond to the Defendants' motion on or before February 10, 2020. ECF No. 39. The Court's briefing order was mailed to Plaintiff at his address of record which, at that time, was still SCI-Chester.

On February 10, 2020, Plaintiff filed a notice of change of address, the new address being 3640 North 17th Street, Philadelphia, PA, 19140. ECF No. 41. At present, this remains Plaintiff's address of record.

Notably, Plaintiff did not file any opposition in response to the Defendants' motion to dismiss this action. Nevertheless, on February 11, 2020, the Court issued a second briefing order, giving Plaintiff until February 21, 2020 to file his opposition to the pending motion to dismiss. ECF No. 41. This notice was sent to Plaintiff's current address of record on North 17th Street, in Philadelphia. Out of an abundance of caution, the Court directed the clerk to include in the mailing a copy of the Defendants' motion to dismiss and supporting brief. ECF No. 42. To date, Plaintiff has not filed any opposition to the motion.

## II.     Discussion

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a civil action if the plaintiff "fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). In determining whether to dismiss a complaint under Rule 41(b), courts consider the six factors laid out in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), *to wit:*

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or

3

>in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 878; *see Brownlee v. Monroe Cty. Corr. Facility*, No. 19-3169, 2020 WL 3055829, at *2 (3d Cir. June 9, 2020). "Each factor need not be satisfied for the trial court to dismiss a claim." *Ware v. Rodale Press, Inc*., 322 F.3d 218, 221 (3d Cir. 2003). The Court's analysis follows.

*The Extent of Plaintiff's Personal Responsibility*

In this case, Plaintiff is proceeding *pro se*. He therefore bears sole personal responsibility for his own failure to diligently prosecute his case. This factor weighs in favor of dismissal.

*Prejudice to the Defendants*

Because the four "John Doe" Defendants have not been substituted as parties herein, they have not been prejudiced by the delay in these proceedings. On the other hand, Defendants Overmyer, Reeher, Bogardus, and Beach have been prejudiced in that they have been delayed in their effort to bring this litigation to a resolution. As of this writing, the case has been pending for almost two years. Had Plaintiff appeared for his deposition, discovery would have been concluded some six months ago, and the Court would have issued a briefing schedule for the Rule 56 motion that Defendants anticipated filing. Plaintiff's failure to appear for his own deposition has thus impeded the Defendants' ability to effectively mount their defense to his claims. This factor also weighs in favor of dismissal.

*Plaintiff's History of Dilatoriness*

Although these proceedings have not been extensive, the Court notes that, over the course of the last six and one-half months, the Plaintiff has: (a) failed to show for his deposition; (b) failed to make any contact with defense counsel; (c) twice failed to promptly notify the Court of

his address changes; and (d) twice failed to respond in a timely fashion to the Defendants' pending motion to dismiss. On balance, the circumstances suggest a pattern of dilatoriness that weighs in favor of dismissal.

*Whether the Plaintiff's Conduct Was Willful or in Bad Faith*

As Defendants observe, the Plaintiff's failure to notify the Court of his address changes, failure to appear for his deposition, failure to contact defense counsel to reschedule his deposition, and failure to respond to the Defendants' Rule 41(b) motion were actions entirely within his own control and, therefore, willful. The Court also notes that, on the same day that Plaintiff was due to file his response to the Defendants' Rule 41(b) motion (i.e., February 10, 2020), Plaintiff managed to file a change of address notice with the Court but did not file the response that was due. Plaintiff did not seek an extension or provide any reason why he was unable to file his responsive brief, and the fact that he instead filed a change of address notice suggests that he is fully capable of litigating his case if he chooses to do so.

*The Effectiveness of Lesser Sanctions*

Plaintiff is proceeding *pro se* and *in forma pauperis*; therefore, there are no other appropriate sanctions other than dismissal. *See Riley v. Sec'y Pennsylvania Dep't of Corr.,* 536 F. App'x 222, 226 (3d Cir. 2013); *see also Briscoe v. Klaus*, 538 F.3d 252, 262-263 (3d Cir. 2008).

*The Meritoriousness of Plaintiff's Claims*

Taking Plaintiff's claims at face value, the Court perceives some potential merit in at least some of his claims, particularly his Eighth Amendment claims pertaining to the alleged unprovoked use of pepper spray and the alleged deliberate indifference to his serious medical

5

needs.  On the other hand, the Court is not in a position to meaningfully judge the ultimate merits of Plaintiff's claims, especially in the absence of his testimony and other relevant evidence, which Defendants anticipated presenting in support of a Rule 56 motion.  Plaintiff's last filing was in February 2020, when he filed a change of address notice that coincided with his release from prison.  Under the circumstances, it appears that Plaintiff may have abandoned his claim. Therefore, the Court considers this *Poulis* factor to be neutral, at best.  In any event, however, no single *Poulis* factor is totally dispositive.  Here, on balance, the totality of considerations weighs in favor of dismissal.

### III.    Conclusion

Based upon the foregoing reasons, Defendants' motion to dismiss the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure will be granted.  The dismissal will be without prejudice, however, so that Plaintiff may have one final opportunity to show cause for his prior failure to prosecute his claims.  Plaintiff's motion to amend his pleading will be dismissed as moot.

An appropriate Order follows.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge